IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| CECILIA CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-000488 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D. HOLMAN, *et. al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |           United States District Judge |
| Defendants. | ) | |

Plaintiff Cecilia Crawford, a Virginia prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 alleging excessive force and deliberate indifference in violation of her constitutional rights by Defendants, prison officials D. Holman, Capt. M. Opie, Sgt. A. Reilly, Agosto, Snoddy, Sgt. P. Jones, and Katzman ("Defendants"). This matter is before the court on Defendants Opie, Reilly, Snoddy, and Jones's motion to dismiss for lack of personal involvement and failure to state a claim,[1] (ECF No. 21) and Defendant Katzman's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5)—insufficient service of process—and 4(m)—failure to serve within 90 days of filing suit. After reviewing the record, the court will grant Defendant's motions to dismiss as to Defendants Opie, Reilly, Snoddy, Jones, and Katzman. This case will remain pending against Defendants Holman and Agosto.

---

[1] Defendants Opie, Reilly, Snoddy, and Jones moved the court under "Rule 5 of the *Rules Governing Section 2254 Cases*" to dismiss the claim against them. (*See* ECF No. 21.) This case is *not* brought under 28 U.S.C. § 2254, but rather under 42 U.S.C. § 1983. Because the substance of their argument would be proper for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court will construe their pleading as seeking relief under that Rule.

## I.

Crawford is currently incarcerated at C. Fluvanna Correctional Center for Women ("Fluvanna") and was incarcerated there at all times relevant to this proceeding. In her Complaint, Crawford alleges that, on October 18, 2018, Defendant Officer Holman used excessive force on her in the course of searching her cell. She alleges that Holman "grabbed her[,]" threw her "against the cell wall[,]" and "slammed [her] to the floor, so hard that [her] pants came down." (Compl. ¶ IV [ECF No. 1].) Crawford asserts that Holman then "inserted his fingers in [her] mouth" and choked her, resulting in two "deep cuts on the right side of [her] neck." (*Id.*)that

Crawford alleges that Defendant Officer Agosto was the first individual that she notified about this incident. Crawford indicates that she told Agosto about her injuries and that he "refused to get [her] medical attention." (*Id.* ¶ IV.4.) Agosto allegedly instructed Crawford to fill out an emergency grievance in order to receive medical attention. Crawford asserts this was not required under Fluvanna policy, and that Agosto was "negligent" in failing to provide her medical attention. (*Id.*)

Crawford asserts that after this incident with Officer Holman, she filed grievances which alerted Defendant Captain Opie to the alleged misconduct. Crawford alleges that Opie "did not respond . . . in a reasonable manner" to the concerns she raised. (*Id.* ¶ IV.2.) She also claims that Opie's alleged failure to respond rises to the level of deliberate indifference.

Crawford alleges that Defendant Sargent Reilly was responsible for her building at the time of the incident. She contends that, following the alleged assault, Reilly called her into his office and examined her injuries by using a flashlight. Crawford claims Reilly told her he would

take photographs of her injuries and ensure she received "better medical attention." (*Id.* ¶ IV.3.) Crawford alleges that Reilly did not do so, and that his alleged actions had a particular mental impact on her because she is a transgender woman.

Crawford further alleges that she reported the incident to Defendant Assistant Warden Snoddy 10 days later. Snoddy allegedly "immediately sent [her] to the investigator's office" and had photographs of Crawford's injuries taken. (*Id.* ¶ IV.5.) Defendant Sergeant P. Jones allegedly took the photographs as part of the investigation. (*Id.* ¶ IV.6.)

When Crawford did receive medical attention, Defendant Katzman allegedly refused to give her pain medication or take an x-ray of her back. (*Id.* ¶ IV.7.) Crawford asserts it was five months before she was able to get an x-ray. Crawford alleges Katzman's actions were deliberately indifferent.

Crawford filed this suit in August of 2020, seeking $300,000,000 in damages. (*Id.* ¶ V.). On November 13, 2020, the court sent Crawford a standard "70-day notice," alerting her to the 90-day time limit for service set out in Rule 4(m), and advising her that the court had not received notice of valid service of process on Defendants. (*See* ECF No. 6.) On November 18, 2020, Crawford made a motion for extension to serve Defendants. (ECF No. 7.) The court granted that motion and gave Crawford 60 days to serve Defendants. (ECF No. 8.) Crawford filed executed summonses for Agosto, Jones, Reilly, and Opie. (ECF Nos. 14–17.)

The summons that was purportedly served on Defendant Katzman[2] was posted on the door of the residence of 6919 Stafford Park Drive, Moseley, Virginia 23120. (*See* ECF No. 12.)

---

[2] Defendant Katzman is sued under her maiden name; she is now Patricia Rosch. (Aff. of Patricia Ellen Rosch ¶ 1, Feb. 10, 2021 [ECF No. 26-1].)

Defendant Katzman asserts she does not live at 6919 Stafford Park Drive, Moseley, Virginia 23120, nor is that her usual place of abode. (*See* Aff. of Patricia Ellen Rosch ¶¶ 6–8, Feb. 10, 2021 [ECF No. 26-1].)

## II.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A

pro se plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## III.

Defendants assert that the claims of deliberate indifference against Defendants Opie and Reilly should be dismissed for failure to state a claim. (ECF No. 21.) For the following reasons, the court agrees and will grant Defendants' motion to dismiss as to Defendants Opie and Reilly.

To state a claim for deliberate indifference, a plaintiff must allege a failure to safeguard the inmate's health and safety; examples of deliberate indifference include failing to protect inmates from attack, failing to maintain humane conditions of confinement, or failing to render medical assistance. *See Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97–98 (4th Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiffs must satisfy both prongs of a two-pronged test: "(1) the prisoner must be exposed to a substantial risk of serious harm and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." *Id.* (citing *Farmer*, 511 U.S. at 834).

The objective prong "requires plaintiffs to demonstrate that 'the deprivation alleged [was], objectively, 'sufficiently serious.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer*, 511 U.S. at 834)). "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses 'a serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions.'" *Id.* (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)). The subjective prong requires a plaintiff to show that the defendants were

aware of the allegedly unconstitutional conditions, had the authority and the ability to correct those conditions, but that notwithstanding their knowledge and ability to act, the defendants were deliberately indifferent and did nothing. *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991). "Deliberate indifference requires more than ordinary lack of due care for the prisoner's interests or safety." *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999) (internal quotations omitted).

Defendant Opie asserts the deliberate indifference claim against him must fail as a matter of law on the subjective prong of the analysis. Crawford does not allege that Opie knew of a substantial risk of harm prior to the incident, nor does she allege that he failed to correct those conditions. The only allegations Crawford brings against Defendant Opie are that he "did not respond in a reasonable manner" and "purposefully ignored [the] problem" when Crawford alerted him to the incident. Treating these factual allegations as true, Crawford has not alleged sufficient facts to state a claim. Mere "labels and conclusions" are insufficient to sustain a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, the court will grant the motion to dismiss the claim against Defendant Opie.

Crawford's only allegations against Defendant Reilly are that he examined her, told her he would photograph her injuries, and told her she would receive "better medical attention[,]" but that he failed to do what he said. These allegations do not support a claim of deliberate indifference against Defendant Reilly. Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." *Grayson*, 195 F.3d at 696. Treating as true all of Crawford's allegations against Defendant Reilly, Crawford has failed to state a claim for deliberate indifference.

## IV.

Insofar as Crawford's allegations against Defendant Snoddy can be construed as a claim for supervisory liability, Crawford does not allege sufficient facts to state a claim. The court will therefore grant the Defendant's motion to dismiss as to Defendant Snoddy.

In order to bring suit under § 1983, a plaintiff must establish that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The plaintiff must also allege *personal* involvement by *each* of the defendants, and "it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)) (internal quotation marks omitted). Consequently, government officials may not be held vicariously liable for the actions of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 676–677 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

In order to bring a claim of supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that h[er] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). To demonstrate the first element, the plaintiff must prove the conduct is "widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994)). To establish the second element, a plaintiff "may establish deliberate indifference by demonstrating a supervisor's continued inaction in the face of documented widespread abuses." *Id.* (quoting *Shaw,* 13 F.3d at 799). As to the third element, the plaintiff may show causation either through direct proof "where the policy commands the injury of which the plaintiff complains . . . or [proof] may be supplied by the tort principle that holds a person liable for the natural consequences of his actions." *Id.* (quoting *Shaw*, 13 F.3d at 799)) (cleaned up).; *see also Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013); *Walker v. Clarke*, No. 7:19cv00743, 2020 WL 7373594, at *5 (W.D. Va. Dec. 16, 2020).

Crawford alleges that she reported the incident involving Defendant Holman to Defendant Snoddy 10 days after the incident. She claims Snoddy allegedly "immediately" "sent [her] to the investigator's office" and had photographs of her injuries taken. Defendant Snoddy asserts that Crawford does not allege sufficient personal involvement in the alleged use of force, any prior knowledge of some incident, or any impropriety in action or inaction that could constitute a constitutional violation. Taking all reasonable inferences in her favor, Crawford's allegations do not "demonstrate[e] a supervisor's continued inaction in the face of documented widespread abuses[.]" *Id.* (quoting *Shaw,* 13 F.3d at 799). Accordingly, the court will grant the motion to dismiss as to Defendant Snoddy.

## V.

Defendants move to dismiss as to Defendant P. Jones for lack of personal involvement. The court agrees.

In order to state a § 1983 claim, the plaintiff must allege personal involvement by each of the defendants, and "it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (cleaned up). The only allegation against Defendant Jones is that she took the photographs as part of the investigation. As such, the court will grant the motion to dismiss as to Jones due to insufficient factual allegations.

## VI.

Defendant Katzman asserts that Crawford's claim against her should be dismissed because Crawford failed to serve her pursuant to Federal Rule of Civil Procedure 12(b)(5) and 4(m).

Motions to dismiss under Rule 12(b)(5) challenge the legal sufficiency of service, and dismissal is appropriate if the service is insufficient. Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(m) requires service of a complaint within 90 days of its filing. Under the applicable Federal Rules, an individual may be served personally, at his or her dwelling or usual place of abode, or by delivery to an agent authorized or appointed to receive service of process. *See* Fed. R. Civ. P. 4(e). "Once [the sufficiency of service is] challenged, the burden of establishing validity of service under Federal Rule of Civil Procedure 4 shifts to the plaintiff." *Urrego v. Samuel I. White, P.C.*, No. 3:17CV437 (MHL), 2018 WL 4524106, at *5 (E.D. Va. July 3, 2018) (cleaned up); *see also Sanyal v. Toyota Motor Corp.*, 2014 WL 4925842, at *1 (E.D. Va.

Sept. 30, 2014). But service need not be perfect; if "the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Despite this liberal construction, "even *pro se* litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible." *Urrego*, 2014 WL 4925842, at *1 (citing *Chien v. Grogan*, No. 1:16CV1470(JCC/MSN), 2017 WL 1091504, at *1 (E.D. Va. Mar. 23, 2017)).

Defendant Katzman asserts that, despite the extension of time in which to effect service, Crawford has not served her in compliance with the applicable rules. Defendant Katzman asserts via her affidavit that she has not resided at the address Crawford served her at for over two years. As such, the court concludes that Crawford failed to serve Katzman at her dwelling or usual place of abode compliant. *See* Fed. R. Civ. P. 4(e). The court will, therefore, grant the motion to dismiss Katzman because Crawford has failed to accomplish valid service within the time set forth in Federal Rule of Civil Procedure 4(m).

**IV.**

Because Crawford's Complaint fails to state a claim or allege sufficient personal involvement against Opie, Reilly, Snoddy, or Jones, and because Crawford failed to serve Katzman within the time proscribed, the court will grant Defendants' motions to dismiss.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 29th day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE